Daniel R. Noyes and others *vs.* Bruno Beaupre and others.

December 2, 1884.

**Assignment for Creditors—Attachment of Property in Hands of Assignee.**—The trust property in the hands of an assignee, under a general assignment for the benefit of creditors, cannot be taken on attachment in an action against the assignee personally, although the debt upon which the action is brought was contracted by the assignee in the execution of the trust, and constituted an expenditure for which he would have a right to be reimbursed out of the trust estate.

**Same—Addition of Other Property by Assignee—Attachment by Sellers.**—The assigned property consisted of a stock of merchandise. The assignee, with the consent of all the creditors, for the purpose of enabling him to sell the stock to better advantage, bought other goods, which he added to and commingled with the original stock, selling the commingled property and applying the proceeds indiscriminately towards the payment of the debts of the assignor, and the expenses of the assignment, including the debts contracted in making these new purchases. *Held* that, at least as against the creditors assenting to this proceeding, the goods thus purchased by the assignee and commingled with the assigned property became a part of the trust property as fully as that which was assigned.

Appeal by plaintiffs from an order of the district court for Ramsey county, *Simons, J.,* presiding, sustaining a general demurrer to the complaint.

*C. K. Davis* and *James N. Granger,* for appellants.

*Warner & Stevens,* for respondents.

Mitchell, J. Appeal from an order sustaining a demurrer to the complaint. One ground of demurrer (and the only one that need be considered) was that the complaint did not state facts sufficient to constitute a cause of action. Although the complaint is obscured by allegations of much that are matters of history and evidence, yet the following facts sufficiently appear: That one Young, a merchant in Montana, being insolvent and indebted to divers parties, including both plaintiffs and defendants, made a valid general assignment of all his property, for the benefit of his creditors, to one Winchester, who accepted the trust and took possession of the property, which

consisted mainly of a stock of merchandise; that afterwards, with the consent of all the creditors, including defendants, for the purpose of enabling him to sell the assigned property to better advantage, Winchester purchased from defendants and others certain amounts of goods, which he added to and commingled with the assigned property, selling the same and applying the proceeds of this commingled property indiscriminately towards paying the expenses of the assignment, the debts of Young, and the indebtedness incurred by himself in making these purchases. Payments were made by him to and accepted by the defendants out of the proceeds of these intermingled goods, both on their claim against Young and that against Winchester, with full knowledge of all these facts, they assenting thereto. Subsequently, defendants brought two actions: one against Young for the balance due from him, and one against Winchester and Young, (why Young was joined we do not see, nor is it here important,) to collect a balance due from Winchester for the goods he had bought and put into the assigned stock, as before stated. In each of these actions they caused attachments to be issued and levied upon the whole of the stock remaining unsold in the hands of the assignee. Subsequently to these levies, plaintiffs, for a valuable consideration, bought the property from the assignee, and thereafter demanded possession of it from the sheriff, in whose custody it was; but he, acting under the orders of defendants, refused to surrender it. They then made a like demand on the defendants, and they also refused, and plaintiffs now sue for the value.

We fail to see why this does not constitute a cause of action. It certainly shows title and right of possession in plaintiffs to, at least, so much of the property as was assigned by Young; and, under the state of facts detailed in the complaint, we think it equally clear that, by common consent, the goods purchased by the assignee subsequent to the assignment, and added to the assigned stock, became a part of the trust property, and were held by the assignee as such, for the benefit of creditors, as fully as the part assigned. Hence none of the property could be lawfully taken on the attachment against Young. The attachment of it as the property of Winchester, on the claim against him, was equally unlawful. The whole was held by him as a mere

v.32—32

trustee for the benefit of the creditors. As between defendants and Winchester, this claim was the personal debt of Winchester, and not of the estate of Young; and it is elementary that the trust property cannot be levied on by attachment or execution against the trustee personally. Winchester having incurred this liability, with the consent of all the creditors, for the more advantageous execution of the assignment, he would, undoubtedly, be entitled to be reimbursed out of the trust property in his hands, and would have a lien on it to that extent, and would have a right to pay it out of the trust funds the same as clerk-hire, rent, or any other expense incurred in the execution of the trust. But, whatever other remedies might be open to defendants, in view of these facts they certainly had no right to seize the trust property on process, in an action at law against the assignee personally.

We are referred to an allegation in the complaint to the effect that plaintiffs purchased this property for the sole purpose of preserving it from sacrifice from sale under these writs, and to enable the same to be applied by the plaintiffs to the purposes of the assignment, and for the benefit of all the creditors of Young. This, it is claimed, amounts to an allegation of an unlawful attempt on the part of the assignee to delegate the trust to plaintiffs. We do not see that this amounts to anything more than a declaration of what plaintiffs intended doing *ex gratia;* but in any event the defendants are not in position in this action to raise this point. They are not here as a *cestui que trust,* claiming under the trust, and seeking to have its provisions enforced.

Order reversed.