DANIEL R. NOYES and others *vs.* BRUNO BEAUPRE and others.

October 13, 1886.

**Assignment for Benefit of Creditors — Fraud — Employment of Assignor.**—The employment of the assignor by the assignee, to act as clerk and assist in the sale of the assigned property, is not conclusive evidence of fraud.

**Same — Assignee carrying on Business — Assenting Creditors Estopped.**—Where an assignee of a stock of merchandise continued the business, and made additional purchases of goods, which were added to and intermingled with the assigned property with the assent of creditors, who, after notice of the assignment and his purpose so to continue and manage the business in the execution of his trust, continue to make sales to such assignee for such purpose, and to accept dividends from him on both old and new accounts, *held*, that such creditors, unless actually mis-

v.36m—4

led without fault or laches on their part, were bound by the assignment, and could not thereafter attach the assigned property for the individual indebtedness of the assignor or assignee.

Same—Attachment of Assigned Property—Sale by Assignee—Rights of Buyer.—*Held, also,* that, subsequent to an attachment of the assigned property, the assignee might sell and transfer the title to the same, and that the vendees thereof might test the validity of the attachment in actions against the sheriff for the conversion of the property.

Same—Evidence held sufficient to Show Possession by Assignee.— Evidence *held* sufficient to support the finding, necessarily included in the verdict, that the possession of the assigned property was immediately delivered to and remained in the assignee.

Appeal by defendants from an order of the district court for Ramsey county, *Wilkin,* J., presiding, refusing a new trial after verdict for plaintiffs.

*Warner, Stevens & Lawrence,* for appellants.

*J. M. Gilman* and *J. N. Granger,* for respondents.

VANDERBURGH, J. On the 27th day of April, 1883, Charles Young, a merchant doing business at the town of Forsyth, in Montana territory, made an assignment of his goods and property to one C. A. Winchester. He was then owing divers persons and firms, including the plaintiffs and defendants. The assignee, it is alleged, took charge of the property, and proceeded to notify the creditors of the assignment, made payments on account of existing indebtedness to the parties to this suit and other creditors, and also notified them of his intention to continue the business, and to pay them as fast as sales and collections would permit, and, in order to make the stock available, solicited further sales, from the defendants and others, of such goods as he might from time to time require. The business was accordingly so carried on during the remainder of the year, new purchases being made of the defendants, and sales and remittances continued. A second payment of $115 was made upon defendants' old account subsequent to the assignment. The new purchases made of defendants amounted, in all, to the sum of $2,668.94, upon which payments were made by the assignee, at divers dates, between June 8 and November 12, 1883, amounting to $1,737.50, leaving a bal-

ance due them thereon of $931.44, and, on the old account of Young, $683.71. The goods purchased by the assignee were added to and intermingled with the assigned stock, and were treated as a part thereof and belonging thereto, by the assignee, and, as the evidence also tends to show, by the defendants also.

In January, 1884, the defendants brought a personal action against Young to recover the balance of the old account, and sued Young and Winchester for the amount due for purchases made by the assignee to replenish the stock; and in each case attached the stock of goods then on hand, and afterwards recovered judgments therein, in the first, on May 2, 1884, and, in the second action, in November, 1884; and thereafter executions were issued, and the property attached was sold thereon to the defendants by the sheriff. After the attachments were levied, and on or about January, 1884, the plaintiffs purchased of the assignee, Winchester, the goods and property held by him, and the proceeds were distributed among certain creditors, and the plaintiffs thereafter demanded of the defendants the goods held under their attachments, and, upon the refusal of the latter to release or deliver the same, brought this action.

The action is, in fact, prosecuted for the benefit of other creditors as well as the plaintiffs, several of the smaller creditors having in the mean time been paid in full by the assignee.

The complaint in this action was held sufficient, upon demurrer, by this court, (32 Minn. 496; 21 N. W. Rep. 728,) and we are not disposed to reconsider the question on this appeal. If, therefore, the evidence upon the trial was sufficient to support the complaint, the plaintiffs were entitled to recover, and the order denying a new trial should be affirmed, unless defendants' allegations of fraud are true, or their exceptions to the rulings of the court are well taken. The answer denies the validity of the assignment set up in the complaint, and alleges that it was made to defraud the creditors of Young, and that it was not accompanied by an immediate and continued change of possession of the assigned property, as required by law. The evidence, however, tends to show such change of possession. The fact that Young remained in the store, as clerk or agent of the assignee, was not conclusive evidence of fraud, nor necessarily incon-

sistent with the good faith of the transfer, or the possession of Winchester as assignee. These questions were fairly submitted to the jury upon the evidence, and the jury were cautioned by the court that, if they found that his (Young's) employment was merely colorable, and intended to give him the management of the property for his own benefit, then it was a fraud upon his creditors.

It was irregular for the assignee to continue the business as he did, but there was evidence sufficient to justify the jury in finding that the defendants were notified of his manner of conducting the business, including his plan of purchasing new goods, and incorporating them with the old stock on hand, they receiving payments from time to time out of the proceeds of the stock so intermingled, and that they acquiesced therein, and waived such irregularity. The court did not hold that, in order to entitle the defendants to attack the assignment, it was necessary for them to refund payments already received from the assignee, but charged the jury that, although the defendants had notice of the manner of conducting the business, yet if their assent was given in ignorance of the fraudulent character of the assignment, if such it was, and that Young and Winchester were carrying out a fraudulent purpose, then the defendants were not bound by their assent, but might retract it and pursue their legal remedies. The rights of the defendants were duly guarded by the court in its charge, and the question of fraud and waiver properly submitted to the jury.

The defendants knew that Young still remained in the store, and was assisting in carrying on the business, and they had received a letter from him, presumably in due course, dated May 7, 1883, written and signed by him on behalf of the assignee, similar in character to one previously written by the assignee, informing them of the plan of conducting the business and settling for past and future indebtedness, and seeking a continuance of their relations as customers of the defendants, and proposing to continue the business in this way until all his indebtedness was liquidated.

The legal question as to the right of the plaintiffs to maintain an action of this kind was determined upon the former appeal. The sale was good as between the plaintiffs and Winchester, and was

sufficient to pass the title to the goods for the purpose of the action. Whether, if the defendants were pursuing Winchester as assignee, plaintiffs might not be joined and compelled to account, is a question not before us.

The fact that the goods had been levied on under the attachments did not prevent a sale, and the possession or value thereof may be recovered by the purchaser, if the attachments prove invalid. Drake, Attachm. § 228; Tiffany & Bullard on Trusts, 812; Hill, Trustees, *274, note.

Order affirmed.